Filed 1/22/14  In re N.V. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re N.V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. N.V., Defendant and Appellant. | C072398 (Super. Ct. No. 68110) |

Following a contested jurisdictional hearing, the juvenile court found the minor N.V. committed corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and vandalism (§ 594, subd. (a)).  The juvenile court determined the section 273.5 offense

---

[1]     Undesignated statutory references are to the Penal Code.

1

was a felony and declared the minor a ward of the court. The court granted him probation and imposed various fines and fees.

On appeal, the minor contends (1) there is insufficient evidence to support the corporal injury to a cohabitant finding and (2) the Welfare and Institutions Code section 731 fine should be stricken because it was never imposed by the juvenile court. As to the first contention, we conclude there is insufficient evidence the minor and his victim cohabitated. Thus, we modify the corporal injury to a cohabitant finding to the lesser included offense of battery on a person with whom defendant had a previous dating relationship (§ 243, subd. (e)(1)). Because this modification reduces the offense to a misdemeanor, we remand the matter for a new dispositional hearing. With regard to the second contention, we note that if the juvenile court imposes fines, fees, or assessments at the new dispositional hearing, it must specify the amounts and statutory basis for all fines, fees, and assessments imposed.

BACKGROUND

A.B. began dating the minor about 10 months before the August 16, 2012, jurisdictional hearing. She was eight months and one week pregnant with the minor's child when she testified.

As of July 5, 2012, A.B. and the minor's relationship was rocky, but they were trying to work things out. On that day, the minor picked up A.B. from her home in Lathrop and drove her to his home in Stockton.

After they got to his home, the minor looked at A.B.'s cell phone and saw a Facebook message to her from his twin brother. The minor got angry and threw the phone against the wall, causing the case to come off. He hit A.B. on the left cheek, and smashed the phone with a dumbbell. The minor called A.B. a "hoe"; at some point he

2

struck her in the head two or three more times. The minor's older brother and a friend got the minor off A.B., and she walked out of the house.

As A.B. tried to figure how to get out of the neighborhood, the minor approached and asked her to come back. A.B. refused and held her stomach because the baby was kicking really hard. The minor thought something was wrong with the baby, so he called an ambulance and the police. When A.B. refused a second request to come back, the minor hit her with a closed fist.

San Joaquin County Deputy Sheriff Robert North, Jr., found A.B. about a block and a half from the minor's home. She was crying and her left eye was slightly bruised and swelling. She was taken to the hospital and treated for a swollen face and a hairline fracture to her nose. A.B. thought she sustained the hairline fracture at a competitive cheerleading event the previous December.

DISCUSSION

I

*Insufficient Evidence of Cohabitation*

The minor contends there is insufficient evidence to support the juvenile court's true finding he committed corporal injury to a cohabitant because there was no evidence the minor and A.B. cohabitated. We agree.

We review the whole record in the light most favorable to the juvenile court's finding to determine if it discloses substantial evidence such that a reasonable trier of fact could find beyond a reasonable doubt the minor committed the alleged offenses. (*In re Jose R.* (1982) 137 Cal.App.3d 269, 275.) We presume the existence of every fact the judge could reasonably deduce from the evidence and indulge in all reasonable inferences in support of the finding. (*Ibid*.)

3

Former section 273.5, subdivision (a), stated in pertinent part: "Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition is guilty of a felony." (Stats. 2012, ch. 867, § 16.)

In order to uphold the finding under section 273.5, subdivision (a), A.B. must have been the minor's current or former cohabitant.[2] The term cohabitant "requires something more than a platonic, rooming-house arrangement." (*People v. Holifield* (1988) 205 Cal.App.3d 993, 999.) It "has been interpreted 'broadly' to refer to those ' "living together in a substantial relationship -- one manifested, minimally, by permanence and sexual or amorous intimacy." ' [Citations.] 'The element of "permanence" in the definition refers only to the underlying "substantial relationship," not to the actual living arrangement.' [Citation.] Permanence does not require exclusivity in either the relationship or the living arrangement. [Citation.] '[F]or purposes of criminal liability under section 273.5, a defendant may cohabit simultaneously with two or more people at different locations, during the same time frame, if he [or she] maintains substantial ongoing relationships with each and lives with each for significant periods.' [Citation.]" (*People v. Taylor* (2004) 118 Cal.App.4th 11, 18-19.)

The Attorney General relies on the following facts to support the trial court's finding: The incident arose from the minor's jealousy towards A.B., who was pregnant with his child. They were approaching their 10-month anniversary. After he hit A.B., the minor wanted to "work things out." Relying on the cases taking a broad interpretation of

---

**2** While A.B. was pregnant with the minor's child during the incident, she was not considered the mother of the minor's child under section 273.5. (See *People v. Ward* (1998) 62 Cal.App.4th 122, 129 [pregnant woman is not " 'mother' " and fetus is not " 'child' " within meaning of section 273.5].)

the term "cohabitant" as used in section 273.5, the Attorney General argues this is substantial evidence supporting the juvenile court's finding that A.B. and the minor were cohabitants.

Contrary to the Attorney General's view of the facts, there is no evidence the minor and A.B. ever cohabitated. The minor and A.B. were not living together when the incident took place. She and the minor lived in different cities, and the minor picked her up and drove her to his house that day. While the minor and A.B. had a dating relationship, they had problems with the relationship before he attacked her. There is no evidence they ever lived together. Based on these facts, the finding on section 273.5 is not supported by substantial evidence.

Misdemeanor battery on a person with whom one has or had a dating relationship under section 243, subdivision (e)(1),[3] is a lesser included offense to corporal injury to a cohabitant under section 273.5, subdivision (a). (*People v. Hamlin* (2009) 170 Cal.App.4th 1412, 1457; *People v. Jackson* (2000) 77 Cal.App.4th 574, 580.) An appellate court has the power to modify an order sustaining a delinquency petition to reflect the commission of a lesser offense. (*In re Arthur N.* (1976) 16 Cal.3d 226, 234, superseded by statute on another point as noted in *John L. v. Superior Court* (2004) 33 Cal.4th 158, 186.) The evidence establishes the minor and A.B. did not cohabitate but had a dating relationship. All of the other elements of section 273.5 were proven. Based

---

[3]  Section 243, subdivision (e)(1), provides: "When a battery is committed against a spouse, a person with whom the defendant is cohabiting, a person who is the parent of the defendant's child, former spouse, fiancé, or fiancée, or a person with whom the defendant currently has, or has previously had, a dating or engagement relationship, the battery is punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in a county jail for a period of not more than one year, or by both that fine and imprisonment." For purposes of this crime, a "battery" is defined as "any willful and unlawful use of force or violence upon the person of another." (§ 242.)

on the record, we modify the finding on the section 273.5 offense to a finding that the minor committed battery on a person with whom one has or had a dating relationship (§ 243, subd. (e)(1)).  Because this modification reduces the offense to a misdemeanor, we remand the matter for a new dispositional hearing.

## II

### *Fine*

The minor asserts the juvenile court never orally pronounced the $100 Welfare and Institutions Code section 731 fine found in the minute order.

When a minor is adjudged a ward of the juvenile court, the court may order the minor to pay a fine of up to $250 to "the county treasury if the court finds that the minor has the financial ability to pay the fine, or to participate in uncompensated work programs."  (Welf. & Inst. Code, § 731, subd. (a)(1).)

The minute order includes a $100 Welfare and Institutions Code section 731, subdivision (a)(1), fine.  In pronouncing judgment, the juvenile court incorporated the terms and conditions recommended in the probation department's report, including imposing "a fine in the amount of $100.00 to the General Fund of San Joaquin County."  However, the report does not identify the statutory basis for the $100 fine.

The oral imposition of sentence constitutes the judgment in an action.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.)  Thus, the oral rendition of judgment must specify the amounts and the statutory basis for all fines and fees the trial court imposes.  (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)  On remand, if the juvenile court incorporates fines, fees, or assessments by reference, it must ensure the statutory basis for the fines or fees is specified.

6

DISPOSITION

The finding that the minor committed corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (a)) is modified to a finding that the minor committed battery on a person with whom one has or had a dating relationship (Pen. Code, § 243, subd. (e)(1)), a misdemeanor, and the matter is remanded to the juvenile court for a new dispositional hearing.

                                                  HOCH     , J.

We concur:

      RAYE    , P. J.

      BUTZ    , J.